Reese, J.
delivered the opinion of the court.
This is an action of detinue, and was brought by Neely* the plaintiff, to recover six negro Slaves. The defendant pleaded the general issue, that she did not detain the slaves in question. On the trial, it appeared in proof that the ne-groes had been in the possession of the plaintiff; but how he had obtained the possession of them from the defendant, whether by hiring them, or on an indefinite loan, or in what way, does not appear from the record. The defendant, who is an unmarried woman, and the aunt of the plaintiff, in going with a wagon to the house of the plaintiff for the purpose of taking away the negroes, met the plaintiff on her way, and told him of the object of her visit. Plaintiff said that one of the negroes was so necessary to him that he could not part with him* and that he would send some of the balance; but in this interview he set up no title to property in the negroes, nor did he allege any right to the possession. Defendant insisted that she must take away the negroes, but on plaintiffs stating that it was ten miles to his house, and that she could not reach there before night* she seemed to abandon her purpose, and he went on his way. Defendant, however, went on to the house of plaintiff, stayed all night, and in the morning, plaintiff being away, took with her the negroes. It did *474 aPPear ^Ie- Pontiff had been three' years in posses-of the negroes, or that bis possession had, at any time, been adverse to the claim of the defendant. Upon the trial,' however, he set up a deed of gift for the negroes from the defendant to himself, which had been proved in court and registered; but which defendant proved by several witnesses to be a forgery, and the jury so found. JNo question is raised upon the record with regard to this supposed deed of gift. But it seems to have been urged before the jury upon the trial, that whatever might be the titles of the- defendant to the property and to the possession of the negroes, and however without right the plaintiff may have been to either the property, or the possession of the negroes, still, if the- defendant' below obtained their .possession by trespass or tortuously,, the plaintiff was entitled to recover them from her. The judge charged the jury “that if the plaintiff had possessions of the negroes,, claiming them adversely to the- defendant, or forbid the defendant taking them out of his possession, and she notwithstanding took them, she had committed a trespass-upon the plaintiff’s possession, and would be liable for such trespass; but if the negroes were hers and she. had not conveyed them to the plaintiff, and he had not acquired a title by three years adverse possession, such taking by her, although a trespass, would not amount to a forfeiture of her title. This suit is not brought for such a trespass. The declaration is in detinue. She pleads she does not detain the negroes of the plaintiff; and whether the negroes are the property of plaintiff or defendant, is the question to be decided in this suit. Should it be held she could not set up her title1, because she got them into her possession illegally, the consequence would be the plaintiff would recover the negroes, or their value, and after he got them into his possession by this recovery, if she should then sue him to recover them back, she might be estopped by this recovery. That the record of this judgment might be read to show she had no title;” and he adds, “it is unnecessary in this case to considér whether she was guilty of a trespass in taking the negroes or not.”
We readily and fully assent to the entire correctness of this charge. But it is alleged to be erroneous, because it is said *475 to recognise the right of recaption, which has been frequent- , , , ,. . . . TIT , , iy and strongly repudiated by this court. We do not stand the charge of the circuit court to recognise such right, on the contrary, the jury were told that the true owner of property would be liable as a trespasser for taking her own property illegally from the possession of the plaintiff. But he did, in substance, tell the jury that in an action of detinue the plaintiff must have a general or special right to the property, or to the possession of the thing sued for, and that if he had no right to the property, or to the possession of the thing sued for, he could not recover it in detinue against the true owner, upon the mere ground that such-owner had committed a trespass in obtaining the possession from him. We assent cordially to the principles determined in the cases of Kegler vs. Miles, Martin and Yerger’s Rep. 426: Partee vs. Budget, 4 Yer. Rep. 174: and Marshall vs. Pennington, 8 Yerger’s Rep. 424. It is true in the first named case, the judge who delivered the opinion of the court remarks, obiter, “that the better opinion is that when the right exists unbarred, and the true owner by violence, or by a tortuous and unlawful act obtains possession of the slave, he shall not be permitted to set up his better title, when sued by him, who was tortuously deprived of the possession. To do so, would be to permit the defendant to take advantage of his own wrong.” This remark is not necessary to the determination of any question involved in the case, and it is therefore but the dictum of the judge who delivered the opinion. But the remark itself is correct in most of its bearings, and probably in the sense in which the judge used it. If the party were proceeded against for such violence, or for such tortuous or unlawful act, it would be wrong that he should protect himself upon the plea of ownership; and such was the very point determined in the case of The State vs. Thompson, 2 Tenn. Reports, and the case of Marshall vs. Pennington, 8 Yerger’s Reports, 424. But if the dictum imports that where the suit is detinue, and the title to the property itself, is the matter in contest, the party having, no title by the statute of limitations or otherwise, shall yet recover against-the true owner the property itself, because of his tortuous or illegal act in obtaining-the posses *476 sion, then we distinctly dissent from the correctness of the . , J , , . , We do not understand this, however, as having been asserted. Let the judgment be affirmed.
Judgment affirmed.